**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIN MCKENNA, | ) |
|         Plaintiff, | ) **STIPULATED CONFIDENTIALITY** |
| | ) **AGREEMENT AND PROTECTIVE** |
| v. | ) **ORDER** |
| | ) |
| SANTANDER INVESTMENT SECURITIES, | ) Civil Action No. 21-cv-0941 (DLC) |
| INC., SANTANDER HOLDINGS, USA, | ) |
| INC., and OMAR KARIUKI, in his individual | ) |
| and professional capacities, | ) |
| | ) |
|         Defendants. | ) |
| | ) |
| | ) |

DENISE L. COTE, U.S.D.J.:

**WHEREAS**, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of confidential and/or proprietary documents and information they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Therefore, a party designating information or items confidential information must exercise care to limit the designation to information or items that qualify pursuant to this Order and to avoid excessive confidentiality designation.

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action that falls within one or more of the categories described in Paragraph 2), which a Party has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material Material to anyone else except as set forth in this Order.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

   (a) trade secrets or proprietary business information;
   (b) confidential financial or sales information;
   (c) confidential client/customer information;
   (d) business plans, product-development information, or marketing plans;
   (e) confidential personal or medical information; and
   (f) any other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business of that Party's customers or clients.

3. The Producing Party may designate as "Confidential – Attorneys' Eyes Only" only the portion of such material that it reasonably and in good faith believes consists of confidential

information outlined in Paragraph No. 2 and which poses a threat to competitiveness in the marketplace.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (a) labeling or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) stating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 15 days after a transcript of said deposition is received by counsel for each of the parties, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 15-day period following receipt of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential – Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and

3

all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a waiver by a Party of its right to object to the designation of any discovery as "Confidential" or "Confidential – Attorneys' Eyes Only"; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Any Party may challenge a designation of confidentiality at any time prior to trial. Unless a prompt challenge to a Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation prior to trial by electing not to mount a challenge promptly after the original designation is disclosed.

9. If the Parties cannot resolve a challenge without Court intervention, the Party seeking the confidentiality designation shall file a letter-motion, in accordance with paragraph 3 of this Court's Individual Rules and Practices, to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, and confirm that the designating party attempted previously to meet and confer in good faith. Failure by the Party seeking the confidentiality designation to file such a letter-motion within 21 days (or 14 days, if applicable) shall automatically remove the confidentiality designation for each challenged designation. In addition, the Party challenging a designation may file a letter-motion challenging a confidentiality

designation or redaction following a meet and confer at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

10. Unless the Party seeking a confidentiality designation has waived the confidentiality designation by failing to file a letter- motion to retain the confidentiality designation as described above, all Parties shall continue to treat the material in question as confidential until the Court rules on the challenge.

11. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any private mediator or arbitrator that the Parties engage in this matter or that this Court appoints provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

12. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 11(d), or 11(g) above, counsel must provide a copy of this Order to such person,

who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. Any party wishing to file in redacted form any document or portion thereof, must notify the Court of its request to seek to file that document under seal, and comply with all other requirements set forth in Rule 4(D) and 8(B) of this Court's Individual Rules of Practice or comply with the Court's instructions for filing under seal.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Party written notice stating with particularity the grounds of the request. If a Party challenges such a designation, the Parties must comply with the procedures set forth in Paragraphs 7-10 above.

15. Recipients of Confidential Discovery Material or Redacted Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material or Redacted Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as

soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, at the direction of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. The parties to this agreement agree to promptly submit this Order to the Court for approval and further agree that, pending approval by the Court, this Order shall be effective as if approved.

**SO STIPULATED AND AGREED.**

_____
**Valdi Licul**
**John Crain**
*Counsel for Plaintiff*

Dated: December 30, 2021
       New York, New York

_____
**Mitchell Boyarsky**
**Nicole Phe**
**Ariel Roberson (pro hac vice admission)**
*Counsel for Defendants*

Dated: January 4, 2022
       New York, New York

_____
Denise L. Cote
United States District Judge

1/5/22

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIN MCKENNA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANTANDER INVESTMENT SECURITIES, )<br>INC., SANTANDER HOLDINGS, USA, )<br>INC., and OMAR KARIUKI, in his individual )<br>and professional capacities, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 21-cv-0941 (DLC) |

I _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name

_____
Dated