**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

ERIN MCKENNA,

                Plaintiff,

                                 Civil Action No.: 21-cv-00941 (DLC)

   v.

SANTANDER INVESTMENT SECURITIES,
INC., SANTANDER HOLDINGS, USA, INC. and
OMAR KARIUKI, in his individual and
professional capacities,

                Defendants.

------------------------------------------------------------ X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF WILLIAM GARVEY AND LAURA KAO

Date of Service: September 20, 2022

**WIGDOR LLP**

Valdi Licul
John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

RELEVANT FACTUAL BACKGROUND ........................................................................................ 1

DISCUSSION ...................................................................................................................................... 1

I.     Garvey Should be Permitted to Testify as to His Opinion of Kariuki's Trustworthiness, Testimony Clearly Permitted by Fed. R. Evid. 608 .................................. 1

II.    Defendants' Briefing on "Cases or Concerns of Others Unrelated to Pregnancy Discrimination" Indicates no Specific Evidence and Should be Disregarded ..................... 2

III.   The Offered Deposition Testimony of Laura Kao is Admissible and Relevant .................. 3

CONCLUSION .................................................................................................................................... 4

## **TABLE OF AUTHORITIES**

Cases                                                                                                                      Page(s)

McCowan v. City of Philadelphia,
   No. 19 Civ. 3326 (KSM), --F.Supp.3d--, 2022 WL 1557779 (E.D. Pa. May 17, 2022) ............ 4

Residential Fences Corp. v. Rhino Blades Inc.,
   No. 14 Civ. 2552 (SIL), 2020 WL 5658777 (E.D.N.Y. Sept. 22, 2020) .................................... 2

United States v. Figueroa,
   618 F.2d 934 (2d Cir. 1980) ................................................................................................... 2

Zaken v. Boerer,
   964 F.2d 1319 (2d Cir. 1992) ................................................................................................. 3

Zakre v. Norddeutsche Landesbank Girozentrale,
   396 F. Supp. 2d 483 (S.D.N.Y. 2005) ..................................................................................... 4

Rules

Fed. R. Evid. 403 ........................................................................................................................ 2

Fed. R. Evid. 608 ........................................................................................................................ 1

Fed. R. Evid. 701 ........................................................................................................................ 4

Fed. R. Evid. 801(d)(2)(E) .......................................................................................................... 3

**RELEVANT FACTUAL BACKGROUND**

In a long motion that mostly addresses evidence that McKenna is not seeking to admit, Defendants seek to exclude Garvey's opinion that Kariuki is untrustworthy, even though it is clearly permitted under Federal Rule of Evidence 608, which allows testimony about an individual's opinion of another witness's truthfulness.  While Garvey is Santander's employee and is otherwise likely to be hostile towards McKenna's case and might not otherwise be expected to testify against Kariuki, the evidence contains a text wherein he opines that Kariuki is a "snake."

> Yea Omar is a snake. I don't trust him

Ex. 1.

Defendants also seek to exclude certain deposition evidence of Laura Kao, particularly about her opinion that Santander culture was hostile to working mothers, though the testimony is admissible as lay opinion evidence under Rule 701.

**DISCUSSION**

I.     **Garvey Should be Permitted to Testify as to His Opinion of Kariuki's Trustworthiness, Testimony Clearly Permitted by Fed. R. Evid. 608**

Defendants argue that "Testimony from Garvey Concerning His Opinion Regarding Kariuki's Character" is irrelevant.  Mot. *in Limine*, Dkt. 116 at 3.  But Kariuki will be a main witness for Defendants, and under Federal Rule of Evidence 608, "[Kariuki's] credibility may be attacked . . . by testimony in the form of an opinion about that character."  Fed. R. Evid. 608(a).  Accordingly, McKenna may call Garvey to testify to his opinion of Kariuki's trustworthiness, and Garvey's text message may become admissible as a prior inconsistent statement under Rule

1

613, depending upon Garvey's 608 testimony.  This falls squarely into the category of impeachment evidence and should not be excluded *in limine*.[1]

Nor is Garvey's testimony about Kariuki's reputation for being untrustworthy prejudicial. Fed. R. Evid. 403. Evidence is not prejudicial merely because it harms one party.  Rather there must be "some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence."  United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980).  The entire purpose of impeaching Kariuki is to prejudice Defendant's case by convincing the jury not to trust his testimony.  Defendants argue that this would "inflame the passions of the jury," but if the jury is "inflamed" into believing Kariuki is an untrustworthy liar, that is the exact purpose of impeachment testimony, and Defendants have no reason to cry foul.[2]

## II. Defendants' Briefing on "Cases or Concerns of Others Unrelated to Pregnancy Discrimination" Indicates no Specific Evidence and Should be Disregarded

Defendants argue that certain unnamed "deposition transcripts and testimony," Mot. in Limine, Dkt. 116 at 5, "evidence . . . regarding other discrimination cases," id., and "other employees' complaints of other types of discrimination," id., should be excluded, but they fail to specify any document or other evidence.  McKenna is not required to respond to a placeholder or boilerplate argument, nor need the Court sift the record for evidence that Defendants might have in mind.  See Residential Fences Corp. v. Rhino Blades Inc., No. 14 Civ. 2552 (SIL), 2020 WL 5658777, at *6 (E.D.N.Y. Sept. 22, 2020) (collecting numerous cases holding that a motion *in*

---

[1] Moreover, as a party admission, the statement is admissible under Rule 32(a)(3).  The exchange, here, had to do with McKenna's loss of accounts before her maternity leave, a matter squarely within the scope of Garvey's role as a supervisor with input over how accounts would be allocated.

[2] Plaintiff has no idea why Defendants have argued from cases about "Me Too" evidence, Mot. *in Limine*, Dkt. 116 at 4.  The issues here have nothing to do with "Me Too" evidence.

2

*limine* should be denied where it does not indicate specific documents). Accordingly, this part of Defendants' motion *in limine* should be denied as improper.

### III. The Offered Deposition Testimony of Laura Kao is Admissible and Relevant

Likewise, Defendants have made a variety of arguments about evidence involving Santander VP Laura Kao. Barely a shred of it relates to any evidence McKenna has identified in the pre-trial order. The evidence that McKenna intends to offer comes from Kao's deposition (as properly designated in the pre-trial order) concerning Santander's discrimination against working mothers. Ex. 2, Dep. of Kao at 33:18-39:20.[3] In particular, Kao testified that she wrote to McKenna previously that she had a report that another Santander employee was having trouble "taking care of her sick child," and she believed "the culture" at Santander made it difficult for her to "tak[e] care of her sick child." Ex. 2, Dep. of Kao at 35:7-22. As a VP of Santander, Kao was and is an "officer" of Santander under Rule 32(a)(3), and McKenna may therefore offer her deposition against Santander, so long as it is otherwise admissible and relevant. See Zaken v. Boerer, 964 F.2d 1319, 1323 (2d Cir. 1992) ("The statement attributed to him was made during the course of his employment as vice president of sales.") She need not have been "Plaintiff's supervisor" or "a decision-maker in the amount of Plaintiff's bonus," Mot. *in Limine*, Dkt. 116 at 8, for the exception to hold true; she need only needs have been "acting within the scope of her employment." Certainly, as a Santander supervisor, it was her duty to investigate problems that could impact her employees' productivity or morale, such as a negative company culture against those with caretaking duties. Based on the report she had heard, as well as her own experience, she formed the opinion that the "culture" at Santander seemed to be

---

[3] Kao testified about a text she sent. But the text is not hearsay for the same reason that Kao's deposition designation is not hearsay, because it is a party admission. Fed. R. Evid. 801(d)(2)(E).

3

biased against people with caretaking duties. Because such testimony is rationally based on [her] perception, Fed. R. Evid. 701, it is admissible here. See McCowan v. City of Philadelphia, No. 19 Civ. 3326 (KSM), --F.Supp.3d--, 2022 WL 1557779, at *12 (E.D. Pa. May 17, 2022) (permitting lay opinion testimony about individual's view of a discriminatory policy); Zakre v. Norddeutsche Landesbank Girozentrale, 396 F. Supp. 2d 483, 504 (S.D.N.Y. 2005) ("witnesses may testify to and summarize their impressions.")

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion *in Limine*, Dkt. 116, in its entirety.

Dated: September 20, 2022
      New York, New York                                Respectfully Submitted,

                                                                 **WIGDOR LLP**

                                                                 By: _____
                                                                     Valdi Licul
                                                                     John S. Crain

                                                                 85 Fifth Avenue
                                                                 New York, NY 10003
                                                                 Telephone: (212) 257-6800
                                                                Facsimile: (212) 257-6845
                                                               vlicul@wigdorlaw.com
                                                               jcrain@wigdorlaw.com

                                                               *Counsel for Plaintiff*

.