**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X

ERIN MCKENNA,                                       :
                                                    :
                Plaintiff,          :
                                                    :     Civil Action No.: 21-cv-00941 (DLC)
      v.                                            :
                                                    :
SANTANDER INVESTMENT SECURITIES, INC.,              :
SANTANDER HOLDINGS, USA, INC. and                   :
OMAR KARIUKI, in his individual and                 :
professional capacities,                            :
                                                    :
                Defendants.         :
------------------------------------------------------------ X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**PRETRIAL MEMORANDUM OF LAW**


Date of Service: September 20, 2022                **WIGDOR LLP**

                                                           Valdi Licul
                                                           John S. Crain

                                                           85 Fifth Avenue
                                                           New York, NY 10003
                                                           Telephone: (212) 257-6800
                                                           Facsimile: (212) 257-6845
                                                           vlicul@wigdorlaw.com
                                                           jcrain@wigdorlaw.com

                                                           *Counsel for Plaintiff*

**PRELIMINARY STATEMENT**

In their Pretrial Memorandum of Law, Defendants argue that the Court should dismiss McKenna's accommodation-retaliation claims; should dismiss her caregiver claims (even though they failed to move for summary judgment on this point); should cut off McKenna's damages as of the date she found new employment; and should cut off her damages as of the date, it claims, Santander would have fired her anyway (even though there is no record about why it would have done so). For the reasons to follow, each argument should be rejected.

**ARGUMENT**

**I.   THE COURT DID NOT RULE ON MCKENNA'S CLAIM THAT DEFENDANTS RETALIATED AGAINST HER FOR SEEKING AN ACCOMMODATION**

McKenna asserted two types of retaliation claims. First, she alleged that Defendants retaliated against her for protesting discrimination. Second, she alleged that they retaliated against her for seeking an accommodation. See Amended Complaint ¶¶ 34, 35 (asserting, inter alia, that Defendants slashed McKenna's 2018 bonus after her "accommodation request" and then "[t]hings only got worse for McKenna"). While this Court addressed the first type of retaliation claim in its Opinion and Order (the "Opinion") denying summary judgment, McKenna v. Santander Investment Securities, Inc., 21 Civ. 941 (DLC), 2022 WL 2986588, at *10-12 (S.D.N.Y. July 28, 2022), contrary to Defendants' argument, it did not address the second.

In the Opinion, this Court discusses only whether McKenna suffered an adverse employment action for protesting sex and pregnancy discrimination. See id. at *10 (employee must show that she "has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law") (quoting Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (3d Cir 2013); id. ("[p]rotected activity need not consist of a formal complaint of discrimination"). The Court ultimately held that McKenna's April 5, 2019 email

1

constituted a protected complaint of discrimination and that there was sufficient evidence to show that Defendants' removed some accounts from McKenna in retaliation. Id. at *11. But there is no discussion of whether Defendants retaliated against McKenna for requesting an accommodation.

Defendants nevertheless claim that this Court addressed McKenna's disability-based retaliation claim, citing to the Opinion's statement that McKenna "does not report what she said in making a request to work from home and, in fact, does not cite any specific conversation in which she complained of discrimination or unfair treatment, even in the most general terms." Id. at *11. This argument fails for two reasons. First, the Opinion does not address whether that a request for an accommodation – standing alone – constitutes protected activity. As explained above, the Opinion only discusses an employee's protests of unlawful conduct as protected. Second, and perhaps more importantly, Defendants admit that "[i]t is undisputed that McKenna requested an accommodation in early 2019." Defs.' Brf. in Supp. of Summ. J., Dkt. 65 ("SJ Brf.") at 39. In other words, this Court did not – nor could it have – found that McKenna did not engage in protected activity by requesting an accommodation. The fact is judicially admitted. See Banks v. Yokemick, 214 F. Supp. 2d 401, 405 (S.D.N.Y. 2002) (defining "Judicial admissions" as "formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them") (quoting Keller v. United States, 58 F.3d 1194, 1199 n. 8 (7th Cir.1995)). As such, the Court should have addressed whether Defendants retaliated against McKenna for doing so.

Lastly, Defendants argue that, in early 2019, accommodations request were not considered protected activity under the City Law. But there is competing authority on this issue. See Pilgian v. Icahn School of Medicine at Mount Sinai, 490 F. Supp. 3d 707, 723 (S.D.N.Y.

2

2020) (citing cases holding otherwise). And Defendants never raised this argument in their summary judgment briefs. SJ Brf. at 39-40; see Gabel v. Richard Spears Kibbe & Orbe, LLP, No. 07 Civ. 11031, 2009 WL 1856631, at *1 (S.D.N.Y. June 26, 2009) (refusing to address issue not raised on summary judgment).

Nevertheless, "[r]equests for disability accommodation . . . are protected activities" under the ADA. Limauro v. Consolidated Edison Co. of N.Y., 20 Civ. 03558 (CM), 2021 WL 466952, at *10 (S.D.N.Y. Feb. 9, 2021) (quoting Gorbea v. Verizon New York, Inc., No. 11 Civ. 3758 (KAM) (LB), 2014 WL 917198, at *11 (E.D.N.Y. Mar. 10, 2014). Accordingly, even if McKenna cannot bring her disability-based retaliation claims under the local laws, she certainly can do so under the ADA.[1]

## II.   DEFENDANTS DID NOT SEEK DISMISSAL OF MCKENNA'S CAREGIVER CLAIM

In their summary judgment motion, Defendants did not move to dismiss McKenna's caregiver claim under the City Law. Nevertheless, they now argue that McKenna should be precluded from presenting this claim to a jury. They are wrong.

As a threshold matter, because Defendants "did not move for summary judgment on this issue," this Court should "not accept [a] belated summary judgment motion" in disguise. Gabel, 2009 WL 1856631, at *1.

In any event, Defendants' substantive argument is without merit. The City Law prohibits an employer from dismissing an employee based on her status as a "caregiver," defined as a "person who provides direct and ongoing care for a minor child or a care recipient." N.Y.C. Code § 8-102. Here, there is no dispute that McKenna became a "caregiver," and thus protected

---

[1] McKenna filed a timely charge of discrimination with the Equal Employment Opportunity Commission alleging, among other things, that Santander fired her in retaliation for her accommodation request.

3

under the statute, in May 2019, with the birth of her first child. It is further undisputed that through August 2019, she remained home to care for him. Thereafter, Defendants took away McKenna's accounts, cut her 2019 bonus and terminated her employment.

In short, for largely the same reasons related to McKenna's pregnancy discrimination and FMLA claims, there is sufficient evidence for a jury to find that Defendants discriminated against McKenna for being a caregiver.[2]

## III. MCKENNA'S ECONOMIC DAMAGES CONTINUED AFTER SHE FOUND A REPLACMENT JOB

Contrary to Defendants' argument, McKenna's economic damages are not "cut off" after she found a new job.

The applicable federal and local laws all permit McKenna to recover back pay calculated from the date of the unlawful adverse action through the date of judgment. Noel v. New York State Office of Mental Health Cent. New York Psychiatric Ctr., 697 F.3d 209, 213 (2d Cir. 2012). These laws also allow recovery of front pay, that is, future lost compensation. Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 287 (2d Cir. 2011). Courts have awarded front pay for periods ranging up to 20 years. See Broadnax v. City of New Haven, 141 F. App'x 18, 23 (2d Cir. 2005). That an employee has found a replacement position does not, as a matter of law, eliminate future damages. Rather, the employee is entitled to recover the difference in compensation between her old and new jobs. See DeCurtis v. Upward Bound Itern., Inc., No. 09 Civ. 5378(RJS), 2011 WL 4549412, at *2-4 (S.D.N.Y. Sept. 27, 2011) (Sullivan, J.) (awarding five years' front pay because, "[a]lthough

---

[2] That Kariuki questioned McKenna in 2020 about her childcare responsibilities is additional, but certainly not the only, proof from which a jury could conclude that he discriminated against her based on her caregiver status.

4

Plaintiff eventually found employment in another travel agency, her salary was $47,217 per year less than what she earned at" her prior employer).

Here, McKenna can show that there is a gap between her Santander compensation and her new position. McKenna's annual compensation at Santander was at least $415,000 ($215,000 salary + $200,000 target bonus), exclusive of increases. Her new position pays a lower salary ($200,000) and a lower target bonus ($75,000). As such, McKenna will continue to lose approximately $140,000 per year moving forward. Moreover, because Defendants unlawfully dismissed McKenna in late 2020, she lost the entirety of her 2020 Santander bonus, which, as explained above, was targeted at $200,000. Defendants are, of course, free to present alternative calculations to a jury in an attempt to minimize these losses. They may not, however, completely escape liability for these damages.

### IV. **DEFENDANTS CANNOT "CUT OFF" MCKENNA'S FUTURE DAMAGES**

Alternately, Defendants claim that McKenna's damages should be "cut off" as of December 31, 2022, the date it purportedly intends to eliminate certain jobs in McKenna's former group because of an impending merger. However, prior to filing this pre-trial motion on September 13, 2022, Defendants failed to allege – let alone present any evidence – of this impending reorganization, which, according to Defendants, is scheduled to take place in 2023. Pretrial Mem., Dkt. 134 at 13. They could have provided this information on or about April 11, 2022, when according to Defendants, "Santander completed the acquisitions." Id. at 13. They could also have produced this information August 2022 when Santander purportedly "underwent a business reorganization." Id. They did not. They instead waited until this pre-trial motion to disclose this defense, thus precluding McKenna from conducting any discovery on this issue. See Manos v. Geissler, 321 F.Supp.2d 588, 594 (S.D.N.Y.2004) (waiver found where defendant

5

actively participated in federal litigation for eighteen months, conducted discovery, and appeared in conferences before the Court prior to asserting a defense twelve weeks prior to the calendared trial date).³

Moreover, they have refused to produce any competent proof of these future job eliminations, such as what jobs are being eliminated, which employees are being retained and how much severance each of the dismissed employees is set to receive.  Even now, the only "proof" they have offered are several articles regarding the acquisition, which are classic hearsay.  See McAllister v. New York City Police Dep't, 49 F.Supp.2d 688, 705 (S.D.N.Y.1999) ("Newspaper articles are hearsay . . . and . . . are not admissible evidence."); Holmes v. Gaynor, 313 F.Supp.2d 345, 358 (S.D.N.Y.2004) (holding newspaper article inadmissible on hearsay grounds).

---

³       While the formal discovery deadline expired on February 11, 2022, had Santander made McKenna aware of this new defense at the appropriate, she could have sought to reopen discovery on this limited issue.  By withholding this information until the eve of trial, Defendants have clearly prejudiced McKenna.

6

## **CONCLUSION**

For the foregoing reasons, the Court should reject the contentions in Defendants' Pretrial Memorandum.

Dated: September 20, 2022
       New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    Valdi Licul
    John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

7