**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIN MCKENNA,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER INVESTMENT SECURITIES, INC., SANTANDER HOLDINGS, USA, INC. and OMAR KARIUKI, in his individual and professional capacities,<br><br>Defendants. | Civil Action No.: 21-cv-00941 (DLC)<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF ERIN MCKENNA'S PROPOSED JURY CHARGES** |

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Mitchell Boyarsky
Anita Wallace Thomas*
Nicole Phe

330 Madison Avenue, 27th Floor
New York, New York 10017
Tel: (212) 413-9019
Fax: (646) 428-2610
mitch.boyarsky@nelsonmullins.com
nicole.phe@nelsonmullins.com
anita.thomas@nelsonmullins.com
*Admitted Pro Hac Vice

*Counsel for Defendants*

Pursuant to the Scheduling Order entered by this Honorable Court in accordance with Rule 6(B) of the Individual Rules & Practices in Civil Cases [ECF No. 106], Defendants Santander Investment Securities, Inc. ("SIS"), Santander Holdings, USA, Inc. ("SHUSA"),[1] and Omar Kariuki ("Kariuki") (collectively, "Defendants") hereby submit their Objections to Plaintiff, Erin McKenna's ("McKenna" or "Plaintiff") Proposed Jury Charges [ECF No. 138], dated September 13, 2022.

As a preliminary matter, Defendants object to Plaintiff's attempt to resuscitate claims which have already been dismissed by this court, including: (1) disability discrimination, including the alleged failure to accommodate related to Plaintiff's 2019 pregnancy under the New York State Human Rights Law and the New York City Human Rights Law against all Defendants; (2) pregnancy and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1974 against Santander; (3) pregnancy and/or gender discrimination based om Plaintiff's second pregnancy in 2020 under the New York State Human Rights Law and the New York City Human Rights Law and the New York City Human Rights Law against all Defendants; (5) pregnancy and/or gender discrimination related to Plaintiff's 2018 discretionary bonus under the New York State Human Rights Law and the New York City Human Rights Law against all Defendants; (6) disability discrimination and retaliation under the Americans with Disabilities Act against Santander; (7) retaliation under the New York State Human Rights Law, except for alleged retaliation concerning the reassignment of accounts in 2019 based om an April 5, 2010 Email against all Defendants; (8) interference in violation of the Family Medical Leave Act ("FMLA") against all Defendants; and (9) aiding and abetting in

[1] SIS and SHUSA together shall be referred to as "Santander."

violation of the New York City Human Rights Law against Mr. Kariuki. Despite this ruling, Plaintiff has included instruction on several of the dismissed claims above.

Plaintiff's remaining claims are: (1) discrimination on the basis of her pregnancy and retaliation in violation of the NYCHRL; (2) discrimination on the basis of her pregnancy and retaliation in violation of the NYSHRL; and (3) retaliation in violation of the FMLA, and for which Defendants object to any instruction regarding claims that no longer remain in this action.

**PLAINTIFF'S REQUEST NO. 1**
(Summary of Claims)

In this case, Plaintiff Erin McKenna has brought employment claims against her former employer Santander Investment Securities, Inc., and Santander Holdings, USA, Inc. ("Santander") her former supervisor Omar Kariuki (collectively, "Defendants"), alleging violations of (1) the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; (3) the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); (3) the New York State Human Rights Law, Executive Law § 290 et seq. (the "Executive Law"); and (4) the Administrative Code of the City of New York §8-107 et seq. (the "City Law"). These statutes generally prohibit discrimination based on pregnancy and caregiver status. They also prohibit retaliation against employees who exercise their right to seek maternity leave or a job-related accommodation, or complain that they are the victims of discrimination.

29 U.S.C. § 2601 et seq.; 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. §§ 12101 et seq.; N.Y. Executive Law § 290 et seq.; N.Y.C. Admin. Code § 8-107 et seq.

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 1**

- Second sentence: Objection to caregiver status because it has been dismissed on summary judgment.
- Third sentence: Objection to job-related accommodation because it has been dismissed on summary judgment as a predicate for retaliation.

**PLAINTIFF'S REQUEST NO. 2**
(Burden of Proof and Preponderance of the Evidence)

The plaintiff generally has the burden of proving all of the elements of her claims by a preponderance of the evidence. In this case, McKenna is the plaintiff and she has the burden of proving that the Defendants discriminated and/or retaliated against her in violation of the law.

So, what does a preponderance of the evidence mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or exhibits. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

If after considering all of the evidence you are satisfied that the plaintiff has carried her burden on each essential point of her claim, then you must find in the plaintiff's favor with respect to that claim. If, after such consideration, you find that the evidence produced by the plaintiff is outweighed by the evidence against her claims, or that the credible evidence on a given issue is evenly divided between the plaintiff and the defendant, then you must decide that issue against the plaintiff. That is because the plaintiff must prove more than simple equality of evidence—she must prove each element of her claim by a preponderance of the evidence. On the other hand, the plaintiff need not prove more than a preponderance. So long as you find that the scales tip, however slightly in favor of the plaintiff–that what is claimed is more likely true than not—then that element will have been proved by a preponderance of the evidence.

You may have heard of proof beyond a reasonable doubt, which is the proper standard for proof only in a criminal trial. That requirement does not apply to a civil case such as this one, and

you should put that standard out of your mind. The proper standard by which to judge the plaintiff's claims is a preponderance of the evidence.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 104.01 (6th ed. 2012).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 2**

Last paragraph: Objection to use of criminal standard in comparison.

**PLAINTIFF'S REQUEST NO. 4**
(Direct and Circumstantial Evidence)

There are two types of evidence that you may properly use in reaching your verdict. One type is direct evidence. Direct evidence is a witness's testimony about something they know by virtue of their senses, something that the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is called circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Here is a simple example of circumstantial evidence: Assume when you came into the courthouse this morning that the sun was shining and it was a nice day. Assume that the blinds were drawn and you could not see outside. As you are sitting here, someone walks into the courtroom with an umbrella; it is dripping wet. Somebody else then walks in with a raincoat that is dripping wet. You cannot look outside the courtroom and cannot see whether or not it is raining, so you have no direct evidence of that fact, but on the combination of the facts I have asked you to assume, it would be reasonable and logical to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience and common sense from an established fact the existence or nonexistence of some other fact. Many facts, such as a person's state of mind, can only rarely be proven by direct evidence. Indeed, in an employment discrimination case, direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence. For that reason, circumstantial evidence is of no less value than direct evidence. The law makes no distinction between the two but simply requires that you, the jury, decide the facts in accordance with all the evidence, both direct and circumstantial.

I have used the word infer, and the lawyers in their arguments have asked you to draw certain inferences. When you draw an inference, you conclude from one or more established facts that another fact exists, and you do so on the basis of your reason, experience and common sense. The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion or speculation. An inference is a reasoned logical deduction or conclusion that you, the jury, may draw—but are not required to draw—from the facts which have been established by either direct or circumstantial evidence. In considering inferences, you should use your common sense and draw from the facts that you find to be proven, and whatever reasonable inferences you find to be justified in light of your experience.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 101:42 (6th ed. 2012); Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003); Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 4**

Third paragraph: objection to argumentative statement about nature of evidence in discrimination cases.

**PLAINTIFF'S REQUEST NO. 5**
(Direct Evidence Not Required)

As I will explain, McKenna must show that Defendants intentionally discriminated or retaliated against her. However, she is not required to produce direct evidence of intentional discrimination or retaliation. Intentional discrimination and retaliation may be inferred from the existence of other facts or the cumulative weight of circumstantial evidence.

Because employers rarely leave a paper trail—or "smoking gun"—attesting to a discriminatory or retaliatory intent, plaintiffs, such as McKenna, must often build their cases from indirect evidence and pieces of circumstantial evidence which undercut the credibility of the various testimony offered by the employer. Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices that may reveal patterns of discrimination against a group of employees, and other indirect evidence of discriminatory or retaliatory motive.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

> Epstein v. Kalvin-Miller Int'l, Inc., 121 F. Supp. 2d 742, 748 (S.D.N.Y. 2000) ("Because an employer who discriminates is unlikely to leave a 'smoking gun' attesting to a discriminatory intent, a victim of discrimination is seldom able to prove his claim by direct evidence, and is usually constrained to rely on circumstantial evidence") (quoting Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994)); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, 3C Fed. Jury Prac. & Instr. § 171.26 (5th ed. 2001); see also Hollander v. Am. Cyanamid Co., 895 F.2d 80, 84-85 (2d Cir. 1990)("Because employers rarely leave a paper trail—or "smoking gun"—attesting to a discriminatory intent, disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively

undercut the credibility of the various explanations offered by the employer") (internal citations omitted).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 5**

- First paragraph: objection to comments on the evidence in the case.
- Second paragraph: objection to "smoking gun" and not leaving paper trail as prejudicial. Objection to use of pattern and practice charge regarding company practices, because there are no pattern or practice claims and the nature of Plaintiff's claims do not involve practices toward or treatment of others.
- Third paragraph: objection based on argumentative statement and interpretation of circumstantial

**PLAINTIFF'S REQUEST NO. 6**
(Types of Circumstantial Evidence)

In assessing McKenna's claims you may consider a variety of circumstantial evidence that speak to discriminatory or retaliatory intent. I will describe the kinds of circumstantial evidence that you may find relevant to McKenna's claims.

Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 6**

Objection as repetitive and vague term "speaks to."

**PLAINTIFF'S REQUEST NO. 7**
(Comparator Evidence)

If Defendants treated employees outside of the protected group more favorably than McKenna, and those employees had the same supervisors and were subject to the same workplace standards as McKenna, you may find that this is evidence of discriminatory or retaliatory intent against McKenna. Likewise, you may consider whether McKenna was replaced by an employee outside of her protected group. For example, when you consider her pregnancy claim, you may find it relevant that she was replaced by a nonpregnant employee.

Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 467 (2d Cir. 2001); Ramos v. Marriott Int'l, Inc., 134 F. Supp. 2d 328, 339340 (S.D.N.Y. 2001); Kerzer v. Kingly Mfg., 156 F.3d 396, 402 (2d Cir. 1998).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 7**

- First sentence: objection to ambiguity regarding same supervisors. The only supervisor for use as comparative treatment is Omar Kariuki.
- Third sentence: objection to example as argumentative.
- Finally, objection to the instructions comments on the evidence.

**PLAINTIFF'S REQUEST NO. 8**
(Timing Evidence)

You may also consider the timing of events. For instance, if an action or series of actions followed from McKenna's pregnancy or her protected maternity leave, you may draw an inference of intent from the sequence of events. The law does not dictate any time within which an event must occur for you to find it relevant to discriminatory or retaliatory intent. A pattern of unlawful conduct may begin after an employer gains the necessary knowledge and only culminate later in a negative consequence to the employee.

> Summa v. Hofstra Univ., 708 F.3d 115, 127-128 (2d Cir. 2013); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 111 (2d Cir. 2010); Richmond v. Gen. Nutrition Ctrs., Inc., No. 08 Civ. 3577, 2011 WL 2493527, at *14 (S.D.N.Y. June 22, 2011); Mody v. Gen. Elec. Co., No. 04 Civ. 358, 2006 WL 413439, at *10 (D. Conn. Feb. 21, 2006); Laudadio v. Johanns, 677 F. Supp. 2d 590, 614 (E.D.N.Y. 2010).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 8**

- Objection as misleading because proximity in time is relevant but omitted.
- Object to comments on evidence in the case.

**PLAINTIFF'S REQUEST NO. 9**
(Discriminatory Comments)

You may consider the statements and admissions of the Defendants. The relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class—for instance, pregnant women, people who take maternity leave, or people who request disability accommodations. You may consider all of the facts and circumstances surrounding such a remark. For instance, the more a remark evinces a discriminatory state of mind, and the closer the remark's relation to the allegedly discriminatory behavior, the more the remark may speak to discriminatory motives.

Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 116 (2d Cir. 2007).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 9**

- Second sentence: objection to use of request for disability accommodation, which was dismissed on summary judgment.
- Second sentence: objection to comments on the evidence and argumentative tone of proposed request.

**PLAINTIFF'S REQUEST NO. 10**
(Procedural Irregularities)

You may also consider departures from procedural regularity that impacted McKenna. In other words, if Defendants regularly followed a certain routine, and then deviated from that routine with respect to McKenna, you may find this speaks to a discriminatory or retaliatory intent.

Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 116 (2d Cir. 2007); Menaker v. Hoftra Univ., 935 F.3d 20, 34-37 (2d Cir. 2019).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 10**

- Objection as a prejudicial comment on the evidence and deviation from standard instruction.
- Objection to instructions comments on evidence.
- Objection generally to instruction which deviates from the standard instruction.

**PLAINTIFF'S REQUEST NO. 13**
(Missing Witness)

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not. Whether a witness is equally available depends on all facts and circumstances bearing on the relationship of the witness to the parties.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 104.25 (6th ed. 2012); Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409, 432 n.10 (2d Cir. 1999); Sagendorf-Teal v. Cnty. of Rensselaer, 100 F.3d 270, 275-76 (2d Cir. 1996); Polygram Records, Inc. v. Boddy Buie Prods., 520 F. Supp. 248, 253 (S.D.N.Y. 1981).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 13**

Objection because instruction is confusing, does not state whether the adverse party presented evidence that an available witness did not contradict. A party can refrain from presenting multiple witnesses in lieu of a single witness without creating an adverse inference.

**PLAINTIFF'S REQUEST NO. 14**
(Claims Related to McKenna's Pregnancy and Maternity Leave)

McKenna has brought two claims related to her pregnancy and maternity leave. First, she claims that Defendants Santander and Kariuki retaliated against her for taking a maternity leave, which is illegal under the Family and Medical Leave Act. Second, she claims that Santander and Kariuki made adverse decisions about her employment motivated by her pregnancy, which is illegal under state and city antidiscrimination laws, as I will explain below.

As to the first claim, McKenna claims that Defendants were motivated by her taking maternity leave to take several of the actions that followed her leave request: removing valuable client accounts, reducing her bonus for 2019, and ultimately terminating her. As to the second claim, McKenna claims that Defendants were motivated by her protected status as a pregnant woman to take several actions following the announcement of her pregnancy: reducing her bonus for 2018, removing valuable client accounts, reducing her bonus for 2019, and ultimately terminating her.

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 14**

- Objection in general for failure to cite authority.
- Objection to comment about evidence and description of "removing valuable client accounts;" accounts are not necessarily clients and the operative activity involved reassigning or failing to return some of Plaintiff's former accounts.
- Fifth sentence: objection to use of 2018 bonus pay as form of discrimination because it was dismissed on summary judgment.
- Objection in general to the extent that the charge comments on the evidence.

**PLAINTIFF'S REQUEST NO. 15**
(Retaliation - FMLA)

McKenna brings claims under the Family and Medical Leave Act (FMLA) for retaliation. McKenna claims that Defendants retaliated against her for exercising her rights under the FMLA.

The purposes of the FMLA are to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity. The FMLA provides eligible employees the right to take leave to care for a newborn child. After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took the leave. To ensure the availability of these guarantees, the FMLA prohibits actions by an employer to discriminate or to retaliate against an employee for the exercise of rights created by the FMLA.

In order to prevail on her retaliation claim, McKenna must prove all of the following elements by a preponderance of the evidence:

First: McKenna took leave under the FMLA to care for a newborn child.

Second: McKenna was subjected to a materially adverse action after she took leave when Defendants took away valuable accounts from her in 2019; reduced her 2019 bonus; and terminated her employment.

Third: There was a causal connection between any of the foregoing adverse actions and McKenna's leave.

You must bear in mind that it is of no relevance to a claim of retaliation that Defendants allowed McKenna to take the leave she requested. If you find by a preponderance of the evidence that they discriminated against her after she took her leave, then you must find them liable for retaliation.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 179:1; 10; 27 (6th ed. 2012); 29 U.S.C.A. §§ 2611, 2614(a), 2615(a); McKenna v. Santander Inv. Sec., Inc., No. 21 Civ. 941 (DLC), 2022 WL 2986588, at *12 (S.D.N.Y. July 28, 2022).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 15**

- Second sentence: objection to policy argument regarding FMLA leave.
- Fifth sentence: objection to comments about the evidence.

**PLAINTIFF'S REQUEST NO. 16**
(Retaliation – FMLA – Motivating Factor)

To assess whether there was a causal connection between McKenna's FMLA leave and any adverse action, you must ask whether an intent to retaliate was a "motivating factor" in the decisions Defendants made with regards to McKenna's employment.

What does "motivating factor" mean? The law requires that the employer ignore FMLA leave when making employment decisions. The law does not require the Plaintiff to show that her FMLA leave was the sole factor in the Defendants' employment decisions. The Plaintiff can show that the Defendants took their actions against her for a variety of reasons, some of which may include job performance and other business decisions, but that these reasons were not the only reasons for their actions. The Plaintiff must show only that her FMLA leave played a role in the Defendants' decision-making process and had an influence on the outcome.

> Woods v. START Treatment & Recovery Centers, Inc., 864 F.3d 158, 169 (2d Cir. 2017); Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d Cir. 1997).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 16**

- Objection to general standard to prove retaliation under FMLA.
- Objection to the extent that the charge comments on the evidence.

**PLAINTIFF'S REQUEST NO. 17**
(Retaliation – FMLA – Pretext)

McKenna is not required to produce a "smoking gun" or an admission of retaliation by Defendants. In determining whether Defendants retaliated against McKenna for her protected maternity leave, it is important to consider whether the explanations Defendants have given for their actions were pretextual. In making this determination, you should consider the reasonableness, or lack thereof, of Defendants' explanation for their decisions, and any evidence that those reasons are unlikely. You may also consider whether Defendants' explanations changed over time. If you find the reasons articulated by Defendants to be unbelievable or a "cover-up," such a finding permits you to conclude that Defendants took these actions against McKenna because of her maternity leave. You may compare Defendants' treatment of McKenna to its treatment of comparable employees. You may also consider whether Defendants failed to treat McKenna in a manner consistent with its usual policies and procedures.

Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107-10 (2d Cir. 2010); E.E.O.C. v. Ethan Allen, Inc., 44 F.3d 116, 120 (2d Cir. 1994); Delville v. Firmenich Inc., 920 F. Supp. 2d 446, 462 (S.D.N.Y. 2013); Colon v. Fashion Inst. of Tech. (State Univ. of New York), 983 F. Supp. 2d 277, 287 (S.D.N.Y. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 17**

Objection generally because it deviates from standard instruction and is argumentative.

**PLAINTIFF'S REQUEST NO. 18**
(Pregnancy Discrimination – Title VII)

McKenna also claims that Defendants Santander Investment Securities, Inc. and Santander Holdings USA, Inc. were motivated to fire her because of her pregnancy in violation of Federal Laws against discrimination in the workplace.

In order for McKenna to establish her claims, she has the burden of proving by a preponderance of the evidence that Defendant's actions were motivated by pregnancy.

McKenna must prove Defendants intentionally discriminated against her, that is, her pregnancy must be proven to have been a motivating factor in Defendant's decision to terminate Plaintiff.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 171:20 (6th ed. 2012).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 18**

Objection in general because it is unnecessary to provide instruction on Title VII as a result of summary judgment decision dismissing Title VII claim.

**PLAINTIFF'S REQUEST NO. 19**
(Pregnancy Discrimination – Title VII – Motivating Factor)

To assess whether there was a causal connection between McKenna's pregnancy and her termination, you must ask whether an intent to discriminate was a "motivating factor" in the decision to terminate McKenna.

What does "motivating factor" mean? The law requires that the employer ignore pregnancy when making employment decisions. The law does not require the Plaintiff to show that her pregnancy was the sole factor in the Defendants' employment decisions. The Plaintiff can show that the Defendants took their actions against her for a variety of reasons, some of which may include job performance and other business decisions, but that these reasons were not the only reasons for their actions. The Plaintiff must show only that her pregnancy played a role in the Defendants' decision-making process and had an influence on the outcome.

Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d Cir. 1997); Williams v. Eau Claire Pub. Sch., 397 F.3d 441, 446 (6th Cir. 2005).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 19**

Objection in general because it is unnecessary to provide instruction on Title VII as a result of summary judgment decision dismissing Title VII claim.

**PLAINTIFF'S REQUEST NO. 20**
(Pregnancy Discrimination – NYSHRL)

McKenna also claims that Defendants discriminated against her because of her pregnancy in violation of the State Law.

To establish her claim under the State Law, McKenna has the burden of proving by a preponderance of the evidence that Defendant's actions were motivated by pregnancy.

McKenna must prove Defendants intentionally discriminated against her, that is, her pregnancy must be proven to have been a motivating factor in any of Defendants' decisions to reduce her 2018 bonus; remove valuable accounts from her while she was on leave; reduce her 2019 bonus; or terminate her.

> 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 171:20 (6th ed. 2012); McKenna v. Santander Inv. Sec., Inc., No. 21 Civ. 941 (DLC), 2022 WL 2986588 (S.D.N.Y. July 28, 2022).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 20**

- Objection in general because instruction is incomplete.
- Third sentence: objection to use of 2018 bonus pay as form of discrimination because it was dismissed on summary judgment.
- Third sentence: objection to comment about evidence and description of "remove valuable accounts;" the operative activity involved reassigning or failing to return some of Plaintiff's former accounts.

**PLAINTIFF'S REQUEST NO. 21**
(Pregnancy Discrimination – NYSHRL – Motivating Factor)

To assess whether there was a causal connection between McKenna's pregnancy and any adverse action, you must ask whether an intent to retaliate was a "motivating factor" in the decisions Defendants made with regards to McKenna's employment.

What does "motivating factor" mean? The law requires that the employer ignore pregnancy when making employment decisions. The law does not require the Plaintiff to show that her pregnancy was the sole factor in the Defendants' employment decisions. The Plaintiff can show that the Defendants took their actions against her for a variety of reasons, some of which may include job performance and other business decisions, but that these reasons were not the only reasons for their actions. The Plaintiff must show only that her pregnancy played a role in the Defendants' decision-making process and had an influence on the outcome.

Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d Cir. 1997); Syeed v. Bloomberg L.P., 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 21**

- Objection to Plaintiff's standard of causation for discrimination not following "motivating factor" standard.
- Objection to instruction as incomplete statement of law.
- Objection to instruction as argumentative and comments on the evidence.

**PLAINTIFF'S REQUEST NO. 22**
(Pregnancy Discrimination – NYCHRL)

McKenna also claims that Defendants discriminated against her on the basis of her pregnancy in violation of the City Law.

To establish her claim under the City Law, McKenna has the burden of proving by a preponderance of the evidence that Defendant's actions were motivated by pregnancy.

McKenna must prove Defendants intentionally discriminated against her, that is, her pregnancy must be proven to have been a motivating factor in any of Defendants' decisions to reduce her 2018 bonus; remove valuable accounts from her while she was on leave; reduce her 2019 bonus; or terminate her.

> 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 171:20 (6th ed. 2012); McKenna v. Santander Inv. Sec., Inc., No. 21 Civ. 941 (DLC), 2022 WL 2986588 (S.D.N.Y. July 28, 2022).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 22**

- Objection to instruction as incomplete statement of law.
- Third sentence: objection to use of 2018 bonus pay as form of discrimination because it was dismissed on summary judgment.

**PLAINTIFF'S REQUEST NO. 23**
(Pregnancy Discrimination – NYCHRL – Discrimination to Play No Role)

Under the City Law, pregnancy shall play no role in decisions relating to employment. In other words, if discrimination played any part whatsoever in any employment decision, you must find Defendants liable for discrimination as to that decision.

> N.Y.C. Admin. Code § 8-101; Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 40, 936 N.Y.S.2d 112 (2011); Mihalik v. Credit Agricole Cheuvreux, N.A, Inc., 715 F.3d 102, 110 (2d Cir. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 23**

- Objection to instruction as incomplete statement of law.

**PLAINTIFF'S REQUEST NO. 24**
(Caregiver Discrimination – NYCHRL)

McKenna also claims that Defendants discriminated against her based on her caregiver responsibilities in violation of the City Law.

To establish her claim under the City Law, McKenna has the burden of proving by a preponderance of the evidence that Defendants' actions were motivated by her caregiving status.

McKenna must prove Defendants intentionally discriminated against her, that is, her caregiving must be proven to have been a motivating factor in any of Defendants' decisions to reduce her 2018 bonus; remove valuable accounts from her while she was on leave; reduce her 2019 bonus; or terminate her.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 171:20 (6th ed. 2012).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 24**

Objection in general because it is unnecessary to provide instruction on caregiver status as protected classification under NYCHRL as a result of summary judgment decision dismissing this claim.

**PLAINTIFF'S REQUEST NO. 25**

(Caregiver Discrimination – NYCHRL – Discrimination to Play No Role)

Under the City Law, caregiver status shall play no role in decisions relating to employment. In other words, if discrimination played any part whatsoever in any employment decision, you must find defendants liable for discrimination as to that decision.

N.Y.C. Admin. Code § 8-101; Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 40, 936 N.Y.S.2d 112 (2011); Mihalik v. Credit Agricole Cheuvreux, N.A, Inc., 715 F.3d 102, 110 (2d Cir. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 25**

Objection in general because it is unnecessary to provide instruction on caregiver status as protected classification under NYCHRL as a result of summary judgment decision dismissing this claim.

**PLAINTIFF'S REQUEST NO. 26**
(Disparate Treatment: Pretext)

McKenna is not required to produce a "smoking gun" or an admission of pregnancy discrimination by Defendants. In determining whether Defendants took actions against McKenna, it is important to consider whether the explanations Defendants have given for their actions were pretextual. In making this determination, you should consider the reasonableness, or lack thereof, of Defendants' explanation for their decisions, and any evidence that those reasons are unlikely. You may also consider whether Defendants' explanations changed over time. If you find the reasons articulated by Defendants to be unbelievable or a "cover-up," such a finding permits you to conclude that Defendants took these actions against McKenna because of her pregnancy. You may compare Defendants' treatment of McKenna to its treatment of comparable employees. You may also consider whether Defendants failed to treat McKenna in a manner consistent with its usual policies and procedures.

Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107-10 (2d Cir. 2010); E.E.O.C. v. Ethan Allen, Inc., 44 F.3d 116, 120 (2d Cir. 1994); Delville v. Firmenich Inc., 920 F. Supp. 2d 446, 462 (S.D.N.Y. 2013); McKenna v. Santander Inv. Sec., Inc., No. 21 Civ. 941 (DLC), 2022 WL 2986588, at *9 (S.D.N.Y. July 28, 2022).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 26**

- First sentence: objection to "smoking gun" as prejudicial.
- Third sentence: objection to interpretation of evidence and argumentative description.
- Objection overall from deviation from standard instruction.

**PLAINTIFF'S REQUEST NO. 27**
(Claims Related to McKenna's Protected Activities)

McKenna has also brought two claims under Federal, State and City Law relating to retaliation for her protected exercise of rights. First, she claims that the Defendants took certain actions against her after she requested an accommodation for her disability. Second, she claims that the Defendants took certain actions against her because she made a complaint about pregnancy discrimination.

As to the first claim, McKenna asserts that after she requested an accommodation to work from home because of complications related to her pregnancy, Defendants removed valuable client accounts, reduced her 2018 and 2019, and ultimately terminated her employment, motivated by an intent to retaliate against her for requesting the accommodation. As to the second claim, McKenna asserts that after she complained about losing accounts because of her pregnancy, Defendants removed valuable client accounts from her.

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 27**

- Second sentence and fourth sentences: objection to reference of seeking accommodation as protected activity because this claim was dismissed on summary judgment.
- Third sentence: objection to Plaintiff's characterization of complaint.
- Fourth sentence: objection to use of 2018 bonus pay as form of discrimination because it was dismissed on summary judgment.
- Fifth sentence: Objection to comment about evidence and description of "removing valuable client accounts;" accounts are not necessarily clients and the operative activity involved reassigning or failing to return some of Plaintiff's former accounts. This language is both an impermissible comment on the facts and misleading.
- Objection in general because instruction ignores summary judgment decision providing that only form of protected activity may be sending April 5, 2019 email.

**PLAINTIFF'S REQUEST NO. 28**
(Accommodation Retaliation – ADA)

McKenna claims that Santander retaliated against her because she sought an accommodation under the ADA.

The ADA prohibits an employer from taking any retaliatory action against an employee because the employee has asserted rights under the ADA.

McKenna claims Santander terminated her because she requested a reasonable accommodation for her disability.

To succeed on her claim, McKenna must prove each of the following facts by a preponderance of the evidence:

First: She engaged in a protected activity;

Second: Santander removed some of her accounts, reduced her 2018 and 2019 bonuses, and terminated her employment; and

Third: It did so because of McKenna's accommodation request.

> 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 172:24 (6th ed. 2012).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 28**

- Objection in general because it is prejudicial and unnecessary to provide instruction on ADA and disability retaliation as a result of summary judgment decision dismissing this claim.
- Third sentence: objection to reference to request for accommodation as an alleged predicate for retaliation as a result of summary judgment dismissing this alleged predicate for retaliation.
- Objection in general because instruction ignores summary judgment decision providing that only form of protected activity may be sending April 5, 2019 email.

**PLAINTIFF'S REQUEST NO. 29**
(Disability Retaliation – ADA – Protected Activity)

For the first element, McKenna claims that she requested the reasonable accommodation of working from home. If you find McKenna made this request, that action is "protected activity."

For this claim, you should disregard the fact that Santander denied McKenna the accommodation. So long as McKenna had a good faith and reasonable belief that she was disabled, she was entitled to request the accommodation, and Santander was barred from taking adverse employment actions against her in response, regardless of whether it intended to grant the accommodation or not. For purposes of assessing whether McKenna held such a good-faith belief, you should ask whether she believed in good faith that her pregnancy-related complications substantially limited the major life activities of reproduction, lifting, sitting, standing, walking or bending over.

> 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 172:24 (6th ed. 2012); 42 U.S.C. § 12102(2)(A); 42 U.S.C. § 12102(2)(A); Ray v. Weit, 708 F. App'x 719, 721 (2d Cir. 2017); Pacheco v. Park S. Hotel, LLC, No. 12 Civ. 9127 (PAC), 2014 WL 292348, at *4 (S.D.N.Y. Jan. 27, 2014); 29 C.F.R. § 1630.2(j)(1)(i).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 29**

- Objection in general because it is unnecessary to provide instruction on ADA and disability retaliation as a result of summary judgment decision dismissing this claim.
- Objection in general to alleged failure to accommodate as a result of summary judgment dismissing this claim.
- Fifth sentence: Objection Plaintiff's injection of alleged facts into instruction.
- Objection in general because instruction ignores summary judgment decision providing that only form of protected activity may be sending April 5, 2019 email.

**PLAINTIFF'S REQUEST NO. 30**
(Disability Retaliation – ADA – But-for causation)

You must also determine whether, but for McKenna's protected activity, Santander would have removed her accounts. In other words, imagine if McKenna had not made her protected request, and ask yourself whether Defendants still would have removed some of her accounts, reduced her 2019 bonus and terminated her employment. This is known as "but-for causation." McKenna can meet the burden of proving but-for causation by demonstrating weaknesses, implausibilities, inconsistencies or contradictions in Defendants' proffered legitimate, nonretaliatory reasons for its action.

But-for causation does not require proof that retaliation was the only cause of the Santander's action, but only that the challenged actions would not have occurred in the absence of the retaliatory motive. There can be multiple but-for causes, each one of which may be sufficient to support liability.

> Lewis v. Humboldt Acquisition Corp., 681 F.3d 312, 321 (6th Cir. 2012); Bostock v. Clayton Cnty., Georgia, 140 S. Ct. 1731, 1739 (2020); Zann Kwan v. Andalex Group LLC, 747 F.3d 834, 846 (2d Cir. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 30**

- Objection in general to alleged retaliation for disability accommodation request as a result of summary judgment dismissing this claim.
- Objection in general because it is prejudicial and unnecessary to provide instruction on ADA and disability retaliation as a result of summary judgment decision dismissing this claim.
- Objection in general because instruction ignores summary judgment decision providing that only form of protected activity may be sending April 5, 2019 email.
- Objection to instruction as incomplete statement of the law.

**PLAINTIFF'S REQUEST NO. 31**
(Accommodation Retaliation – NYCHRL)

McKenna claims Defendants Santander and Kariuki retaliated against her because she requested an accommodation.

The City Law prohibits an employer from taking any retaliatory action against an employee because the employee has asserted rights under those laws.

McKenna claims Defendants reduced her 2018 and 2019 bonuses; removed valuable accounts from her while she was on leave; and terminated her employment because she requested a reasonable accommodation for her disability.

To succeed on her claim, McKenna must prove each of the following facts by a preponderance of the evidence:

First: She engaged in a protected activity;

Second: Defendants then took adverse employment actions; and

Third: Defendant took the adverse employments action because of McKenna's protected activity.

> 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 172:24 (6th ed. 2012); New York City Code § 8-107(7)(v); Gorbea v. Verizon N.Y., Inc., No. 11 Civ. 3758 (KAM) (LB), 2014 WL 917198, at *11 (E.D.N.Y. Mar. 10, 2014).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 31**

- Objection in general to alleged retaliation for disability accommodation request as a result of summary judgment dismissing this claim.
- Objection in general because it is prejudicial and unnecessary to provide instruction on disability discrimination and retaliation as a result of summary judgment decision dismissing this claim.
- Objection in general because instruction ignores summary judgment decision providing that only form of protected activity may be sending April 5, 2019 email.

- Third sentence: objection to Plaintiff referencing 2018 bonus, which claim was dismissed was dismissed on summary judgment.
- Third sentence: objection to comment about evidence and description of "removing valuable accounts;" operative activity involved reassigning or failing to return some of Plaintiff's former accounts.
- Objection to instruction as incomplete statement of the law.

**PLAINTIFF'S REQUEST NO. 32**

(Accommodation Retaliation – NYCHRL – Discrimination to Play No Role)

Under the City Law, retaliation shall play no role in decisions relating to employment. In other words, if retaliation played any part whatsoever in any employment decision, you must find Defendants liable for retaliation as to that decision.

> N.Y.C. Admin. Code § 8-101; Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 40, 936 N.Y.S.2d 112 (2011); Mihalik v. Credit Agricole Cheuvreux, N.A, Inc., 715 F.3d 102, 110 (2d Cir. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 32**

- Objection in general to alleged retaliation for disability accommodation request as a result of summary judgment dismissing this claim.
- Objection in general because it is prejudicial and unnecessary to provide instruction on disability discrimination and retaliation as a result of summary judgment decision dismissing this claim.
- Objection to instruction as incomplete statement of the law and deviation from standard instruction.

**PLAINTIFF'S REQUEST NO. 33**

(Retaliation for Protected Complaint – NYSHRL and NYCHRL)

McKenna claims that Defendants retaliated against her because she protested discrimination under the State and City Laws.

The State and City Laws prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights under those laws.

McKenna claims Defendants took away valuable accounts from her in 2019 after she complained about pregnancy discrimination.

To succeed on her claim, McKenna must prove each of the following facts by a preponderance of the evidence:

First: She engaged in a protected activity;

Second: Defendants then took adverse employment actions; and

Third: Defendant took the adverse employments action because of McKenna's protected activity.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 172:24 (6th ed. 2012).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 33**

- Objection to characterization of evidence and vague instruction regarding "protest."
- Objection in general because instruction ignores summary judgment decision providing that only form of protected activity may be sending April 5, 2019 email.
- Third sentence: objection to comment about evidence and description of "removing valuable accounts;" operative activity involved reassigning or failing to return some of Plaintiff's former accounts.

**PLAINTIFF'S REQUEST NO. 34**

(Retaliation for Protected Complaint – NYSHRL and NYCHRL – Protected Activity)

What is a protected complaint? An employee's complaint may qualify as protected activity under the State and City Laws so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law. Protected activity need not consist of a formal complaint of discrimination; an internal complaint to a company's managers can constitute a protected activity under the laws.

> McKenna v. Santander Inv. Sec., Inc., No. 21 Civ. 941 (DLC), 2022 WL 2986588, at *10 (S.D.N.Y. July 28, 2022); Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013); Kotcher v. Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59, 65 (2d Cir. 1992); Rojas v. Roman Cath. Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 34**

- Objection to instruction as deviation from standard instruction and duplicative of Plaintiff's instruction No. 33.
- Objection to vagueness regarding protected activity, which Court found in summary judgment decision can only be April 5, 2019 email.

**PLAINTIFF'S REQUEST NO. 35**

(Retaliation for Protected Complaint – NYCHRL – Discrimination to Play No Role)

Under the City Law, retaliation shall play no role in decisions relating to employment. In other words, if retaliation played any part whatsoever in any employment decision, you must find Defendants liable for retaliation as to that decision.

N.Y.C. Admin. Code § 8-101; Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 40, 936 N.Y.S.2d 112 (2011); Mihalik v. Credit Agricole Cheuvreux, N.A, Inc., 715 F.3d 102, 110 (2d Cir. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 35**

Objection to mischaracterization and vagueness regarding protected activity, which Court found in summary judgment decision can only be April 5, 2019 email.

**PLAINTIFF'S REQUEST NO. 36**
(Retaliation – Pretext)

McKenna is not required to produce a "smoking gun" or an admission of retaliation by Defendants. In determining whether Defendants retaliated against McKenna for her accommodation request and her protected complaints, it is important to consider whether the explanations Defendants have given for their actions were pretextual. In making this determination, you should consider the reasonableness, or lack thereof, of Defendants' explanation for their decisions, and any evidence that those reasons are unlikely. You may also consider whether Defendants' explanations changed over time. If you find the reasons articulated by Defendants to be unbelievable or a "cover-up," such a finding permits you to conclude that Defendants took these actions against McKenna because of her maternity leave. You may compare Defendants' treatment of McKenna to its treatment of comparable employees. You may also consider whether Defendants failed to treat McKenna in a manner consistent with its usual policies and procedures.

> Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107-10 (2d Cir. 2010); E.E.O.C. v. Ethan Allen, Inc., 44 F.3d 116, 120 (2d Cir. 1994); Delville v. Firmenich Inc., 920 F. Supp. 2d 446, 462 (S.D.N.Y. 2013); Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 847 (2d Cir. 2013).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 36**

- First sentence: objection to "smoking gun" as prejudicial.
- Third sentence: objection to interpretation of evidence and argumentative description.
- Objection overall from deviation from standard instruction.

**PLAINTIFF'S REQUEST NO. 37**
(Individual Liability of Omar Kariuki)

The State and City Laws impose primary liability on employees for their own discriminatory conduct. If you find that Kariuki took valuable accounts away from McKenna, reduced her 2019 bonus or terminated her out of a motivation to discriminate against her for her pregnancy, for her protected complaint, or for her accommodation request, you must also find him personally liable.

The FMLA imposes primary liability on supervisors who had the power to control the worker, who in this case is McKenna. In assessing whether Kariuki controlled McKenna for work purposes, you may consider whether he had the power to hire or fire her, whether he supervised or controlled her daily work, whether he determined her rate of pay, and whether he maintained relevant employment records.

> Doe v. Bloomberg, L.P., 36 N.Y.3d 450, 459 (2021); McKenna v. Santander Inv. Sec., Inc., No. 21 Civ. 941 (DLC), 2022 WL 2986588 (S.D.N.Y. July 28, 2022); Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 422 (2d Cir. 2016).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 37**

- Second sentence: objection to comment about evidence and description of "removing valuable client accounts;" accounts are not necessarily clients and the operative activity involved reassigning or failing to return some of Plaintiff's former accounts.
- Second sentence: objection to accommodation request as a predicate for retaliation because it was dismissed on summary judgment.
- Second sentence: objection to protected activity generic "protected complaint;" Court found in summary judgment decision only complaint as a predicate for retaliation can only be April 5, 2019 email.
- Objection to instruction as inaccurate and incomplete statement of the law.

**PLAINTIFF'S REQUEST NO. 38**
(Damages)

If you find that Defendants discriminated against McKenna because of her pregnancy or retaliated against McKenna for taking maternity leave, requesting an accommodation, or making a protected complaint, then you should determine an amount that is fair compensation for her damages. The purpose of the law is to make McKenna whole—to put her in the same position she would have been in had there been no discrimination or retaliation.

> Albemarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975); Carrero v. N.Y.C. Hous. Auth., 890 F.2d 569, 580-81 (2d Cir. 1989); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 WL 2170659, at *16 (S.D.N.Y. Sept. 6, 2005); Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983); Sogg v. Am. Airlines, Inc., 193 A.D.2d 153, 162, 603 N.Y.S.2d 21, 27 (1st Dep't 1993).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 38**

Objection to instruction as incomplete statement of law and a deviation from standard jury instructions. Objection does not include mitigation.

**PLAINTIFF'S REQUEST NO. 39**
(Damages: Uncertainty)

McKenna is entitled to lost wages and benefits even if they are difficult to calculate. Any uncertainty about the amount of lost compensation to be awarded to McKenna should be resolved in her favor. That said, McKenna has the burden of proving that she actually incurred a loss of earnings.

> Broadnax v. City of New Haven, 415 F.3d 265, 272 (2d Cir. 2005); Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1157 (2d Cir. 1994); Malarkey v. Texaco, Inc., 794 F. Supp. 1237, 1243-44 (S.D.N.Y. 1992), aff'd, 983 F.2d 1204 (2d Cir. 1993); Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1169 (S.D.N.Y. 1983); Kaval Constr. Corp. v. State Div. of Human Rights, 39 A.D.2d 347, 350 (2d Dep't 1972); Gunby v. Pa. Elec. Co., 840 F.2d 1108, 1119-20 (3d Cir. 1988).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 39**

Objection to instruction as incomplete statement of law and a deviation from standard jury instructions.

**PLAINTIFF'S REQUEST NO. 40**
(Damages: Back Pay)

If you find for McKenna on her claims, she is entitled to the pay that she would have earned had Defendants not discriminated or retaliated against her. This amount consists of the salary, bonuses, and other forms of compensation and benefits McKenna would have received absent discrimination or retaliation.

In calculating McKenna's back pay for any of her claims, the amount should be increased by the value of anticipated raises and bonuses, as well as the value of the other benefits that would have accrued but for Defendants' discriminatory or retaliatory conduct.

> Banks v. Travelers Cos., 180 F.3d 358, 364 (2d Cir. 1999); Stratton v. Dep't for the Aging, 132 F.3d 869, 881-82 (2d Cir. 1997); Carrero v. N.Y.C. Hous. Auth., 890 F.2d 569, 580-81 (2d Cir. 1989); Brenlla v. LaSora Buick Pontiac Chevrolet, Inc., No. 00 Civ. 5207, 2002 WL 1059117, at *11 (S.D.N.Y. May 28, 2002); Epstein v. Kalvin-Miller Int'l, Inc., 139 F. Supp. 2d 469, 483-85 (S.D.N.Y. 2001); Shannon v. Fireman's Fund Ins. Co., 136 F. Supp. 2d 225, 230-33 (S.D.N.Y. 2001); Sims v. Mme. Paulette Dry Cleaners, 638 F. Supp. 224, 229 (S.D.N.Y. 1986); Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 40**

- Objection to instruction as incomplete statement of law and a deviation from standard jury instructions.
- Objection does not include mitigation.

**PLAINTIFF'S REQUEST NO. 41**
(Damages: Liquidated Damages)

If you find for McKenna on her claim of FMLA maternity-leave retaliation, then you must decide whether Defendants acted in good faith. You must find Defendants acted in good faith if you find by a preponderance of the evidence that when Defendants took away valuable accounts, reduced her bonus for 2019, and terminated her, Defendants reasonably believed that their actions complied with the Family and Medical Leave Act. As the word suggests, retaliation is almost always willful. Defendants bear the burden of proof on this issue.

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, Federal Jury Practice & Instructions, Civil § 179:53 (6th ed. 2012); 29 U.S.C. § 2617; Offor v. Mercy Med. Ctr., 676 F. App'x 51, 54 n.2 (2d Cir. 2017).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 41**

- Objection to instruction as incomplete statement of law.
- Objection to characterization of willful conduct.
- Objection to Plaintiff's inaccurate instruction regarding burden of proof.

**PLAINTIFF'S REQUEST NO. 42**
(Future Economic Damages)

If you find for McKenna, you should also consider damages for the losses she will incur in the future in order to make her whole. Reasonable compensation is required for McKenna to be restored to the position she would have been in had Defendants not discriminated or retaliated against her. You may award future damages to compensate McKenna for lost wages and other economic damages that you find will reasonably be incurred after the decision sustaining her claims of discrimination or retaliation.

Padilla v. Metro-North Commuter R.R., 92 F.3d 117, 125-26 (2d Cir. 1996); Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 118889 (2d Cir. 1992); Warnke v. CVS Corp., 265 F.R.D. 64, 69 (E.D.N.Y. 2010); Brenlla v. LaSora Buick Pontiac Chevrolet, Inc., No. 00 Civ. 5207, 2002 WL 1059117, at *11 (S.D.N.Y. May 28, 2002); Shannon v. Fireman's Fund Ins. Co., 136 F. Supp. 2d 225, 228 n.3 (S.D.N.Y. 2001); Epstein v. Kalvin-Miller Int'l, Inc., No. 96 Civ. 8158, 2000 WL 1761052, at *1 (S.D.N.Y. Nov. 29, 2000).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 42**

- Objection to instruction as incomplete statement of law.
- Objection to instruction as deviation from standard jury instruction.
- Objection does not include mitigation

**PLAINTIFF'S REQUEST NO. 43**
(Compensatory Damages)

If you find that McKenna has established her claims of discrimination or retaliation, you may award her compensatory damages for injuries such as emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of reputation and loss of enjoyment of life. You may award McKenna compensatory damages even if you do not award her any damages for back pay or future economic losses.

There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damages. In determining whether to award McKenna compensatory damages and the amount, to prove such harm, you may consider the expert testimony of Dr. Kleinman and Dr. Hughes, the testimony of the other medical professionals, as well as lay testimony, including the testimony of McKenna and her husband, Francis McKenna.

> Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 258-59 (2d Cir. 2005); Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 77-78 (2d Cir. 2004), vacated on other grounds sub nom, KAPL v. Meachum, 544 U.S. 957 (2005); Carrero v. N.Y.C. Hous. Auth., 890 F.2d 569, 581 (2d Cir. 1989); Hill v. Airborne Freight Corp., 212 F. Supp. 2d 59, 71-72 (E.D.N.Y. 2002), aff'd, No. 03-7263, 2004 WL 303919 (2d Cir. Feb. 18, 2004); N.Y.C. Transit Auth. v. State Div. of Human Rights, 78 N.Y.2d 207, 216 (1991).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 43**

- Objection to Plaintiff's comments regarding the potential evidence;
- Objection to Plaintiff's reference to Francis McKenna who is an inappropriate witness to which Defendants have moved to preclude from testifying in their Motion in Limine (ECF Nos. 127 & 128).
- Objetion to Plaintiff's referencing other medical professions because she has not identified any others in the Proposed Pretrial Order (ECF Nos. 127 & 128), none others have been deposed and Plaintiff has not identified other testifying experts in any discovery during the

litigation. Her only potential experts are Dr. Kleinman and Dr. Siobhan Donnelly, who she did not identify as an expert for her case in the proposed Pretrial Order.

- Objection in general to instruction as deviation from standard jury instruction.

**PLAINTIFF'S REQUEST NO. 44**
(Punitive Damages – Title VII and ADA)

If you find that Defendants (1) discriminated against McKenna because of her pregnancy in violation of Title VII or (2) retaliated against her for seeking an accommodation under the ADA, you may award her punitive damages. To recover punitive damages, McKenna must show that Defendants discriminated or retaliated against her maliciously or with reckless indifference to her protected rights under the law.

Punitive damages are warranted if you find that Defendants discriminated in the face of a perceived risk that its actions will violate the law. To establish malice or reckless indifference, McKenna need not show that Defendants committed egregious or outrageous acts. She need only show that Defendants were aware that they may be acting in violation of Federal Law, not their awareness that they were engaging in discrimination. Defendants need not have had direct knowledge that particular acts violated particular laws; instead, their general knowledge of anti-discrimination law and policy is sufficient to ascribe awareness that particular discriminatory acts are prohibited by Federal Law.

The purpose of punitive damages is to punish a defendant and to set an example in order to deter a defendant and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. You may award punitive damages even if you have not awarded any other damages to McKenna. There is no exact rule by which to determine the amount of punitive damages. The wealth of Defendants is relevant to the assessment of punitive damages. You may fix such an amount as you find, in your sound judgment and discretion, the character of Defendants' unlawful conduct calls for.

Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535-36 (1999); Cush-Crawford v. Adchem Corp., 271 F.3d 352, 356-57 (2d Cir. 2001); Zimmerman v. Assocs. First Capital, 251 F.3d 376, 384-86 (2d Cir. 2001); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 WL 2170659, at *17-19 (S.D.N.Y. Sept. 6, 2005); Parrish v. Sollecito, 280 F. Supp. 2d 145, 153 (S.D.N.Y. 2003); Ortiz-Del Valle v. Nat'l Basketball Ass'n, 42 F. Supp. 2d 334, 344 (S.D.N.Y. 1999); Greenbaum v. Handelsbanken, 67 F. Supp. 2d 228, 262-63 (S.D.N.Y. 1999).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 44**

- Objection generally to damages instruction under Title VII and ADA because these claims were dismissed on summary judgment.
- Objection generally to instruction as deviation from standard jury instruction.

**PLAINTIFF'S REQUEST NO. 45**
(Punitive Damages Under State and City Laws)

If you find that Defendants (1) discriminated against McKenna because of her pregnancy in violation of the State or City Laws; (2) discriminated against McKenna because of her caregiver status in violation of the City Law; (3) retaliated against McKenna for protesting discrimination in violation of the State or City Laws; or (4) retaliated against McKenna for seeking an accommodation in violation of State or City Laws, you may also award her punitive damages. The standard for punitive damages under these laws is lower. McKenna need only show that Defendants engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard. The standard represents the lowest threshold, and the least stringent form, for the state of mind required to impose punitive damages. Indeed, McKenna need not show Defendants knew they were engaging in discrimination. Id.

N.Y.C. Admin. Code § 8-107(13)(b)(1)-(3); N.Y. Exec. Law § 297(9); Chauca v. Abraham, 30 N.Y.3d 325 (N.Y. 2017).

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED REQUEST TO CHARGE NO. 45**

- Objection generally to instruction's reference to claims dismissed on summary judgment, i.e., discrimination based on caregiver status and retaliation for seeking an accommodation.
- Fourth sentence: objection to description of comparative threshold for punitive damages.

Dated: September 20, 2022
New York, New York

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Mitchell Boyarsky*

Mitchell Boyarsky
Anita Wallace Thomas*
Nicole Phe

330 Madison Avenue, 27th Floor
New York, New York 10017
Tel: (212) 413-9019
Fax: (646) 428-2610
mitch.boyarsky@nelsonmullins.com
nicole.phe@nelsonmullins.com
anita.thomas@nelsonmullins.com
*Admitted Pro Hac Vice

*Counsel for Defendants*